IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK11-42783-TLS |
| | ) | |
| ELIZABETH M. THOMAS, | ) | CH. 13 |
| | ) | |
| Debtor. | ) | |

## ORDER

      Hearing was held in Lincoln, Nebraska, on February 15, 2012, on confirmation of Debtor's Chapter 13 plan (Fil. #13), an objection (Fil. #22) filed by EverBank, as successor by merger to EverHome Mortgage Company ("EverBank"), an objection (Fil. #24) filed by the Chapter 13 trustee, and Debtor's response (Fil. #39). James C. Bocott appeared for Debtor, Marilyn Abbott appeared on behalf of the Chapter 13 trustee, and Eric H. Lindquist appeared for EverBank. Judicial notice was taken of proof of claim No. 4. The Chapter 13 trustee's objection will be settled with a stipulated confirmation order, and the remaining objection was taken under advisement.

      The confirmation issue presented to the court is whether EverBank is entitled to interest on its pre-petition arrearage to be paid under Debtor's proposed Chapter 13 plan. The parties agree that EverBank is a creditor secured solely by Debtor's principal place of residence and that it is over secured. EverBank, through its predecessor, EverHome Mortgage Company, filed a proof of claim herein asserting a pre-petition arrearage in the amount of $6,362.95. That amount is made up of delinquent payments of principal and interest, escrow shortages, late charges, property inspection fees, and attorney fees and costs.[1] Debtor believes that the loan documents do not call for interest on the advances made by EverBank and that it would be fundamentally unfair to allow EverBank to collect interest on the arrearages since a portion of the arrearages already includes the interest component of the delinquent monthly payments.

      Debtor is incorrect. The United States Supreme Court has unequivocally answered this question in favor of the lender. *Rake v. Wade*, 508 U.S. 464, 113 S. Ct. 2187, 124 L. Ed. 2d 424 (1993). There, the Court held that where arrearages are part of the lender's claim to be paid under the plan, the lender is entitled to interest on the arrearages under § 1325(a)(5)(B)(ii). *Id.* at 473, 113 S. Ct. at 2193. The entitlement to interest is to provide the lender the present value of its claim and does not appear to have anything to do with whether the underlying loan documents call for interest on such amounts.[2] *Id.* at 472, 113 S. Ct. at 2192.

---

      [1]Debtor has not objected to the amount of the arrearage claim nor the inclusion of any particular item in that claim. Debtor is only challenging whether EverBank is entitled to interest on its claim.

      [2]Notwithstanding the position taken by Debtor, it does appear that the deed of trust in this case contains provisions for the payment of interest at the note rate on certain advances made by the lender, including advances to protect the property and attorney fees.

IT IS, THEREFORE, ORDERED that EverBank's objection to confirmation is sustained and the plan is not confirmed. Debtor shall file an amended plan by March 5, 2012.

DATED: February 17, 2012.

BY THE COURT:

/s/ Thomas L. Saladino
Chief Judge

Notice given by the Court to:
    *James C. Bocott
    Marilyn Abbott/Kathleen Laughlin
    Eric H. Lindquist
    United States Trustee

Movant(*) is responsible for giving notice to other parties if required by rule or statute.